IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KERRITH DUVALL, #594227, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-1028-K-BK |
| | § | |
| WARDEN BEAR, US OF A, and OKLA, | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for judicial screening. Petitioner, an Oklahoma State prisoner at the Joseph Harp Correctional Center in Lexington, Oklahoma, claims that he is detained in violation of federal law. Doc. 3 at 2.

To determine a habeas corpus petition filed under section 2241, the Court must have jurisdiction over the prisoner or his custodian. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (only the district of incarceration has jurisdiction to entertain a section 2241 petition). When a court determines it lacks jurisdiction over an action, it must either dismiss the action or, in the interests of justice, transfer it to a court of proper jurisdiction. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (mentioning both options); 28 U.S.C. § 1631 (permitting transfers to cure want of jurisdiction); FED. R. CIV. P. 12(h)(3) (directing the court to dismiss actions over which it appears that it lacks jurisdiction).

Because Petitioner is incarcerated in Lexington, Oklahoma, this Court lacks jurisdiction to entertain his habeas corpus petition and, as such, is not the proper forum for this action. *See Lee*, 244 F.3d at 374-75. Moreover, under the circumstances presented here, the interests of

justice would be best served by dismissing this case without prejudice to it being refiled in the proper United States District Court.[1]  Thus, the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed in this case should be **DISMISSED** without prejudice for lack of jurisdiction.[2]

**SO RECOMMENDED** on April 30, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner has unsuccessfully filed at least one section 2241 petition in the Western District of Oklahoma that raises the same claims.  *See DuVall v. Bear*, No. 5:18-CV-9 (W.D. Okla. Feb. 9, 2018), R. &. R. accepted, 2018 WL 1123888 (W.D. Okla. Feb. 26, 2018) (summarily dismissing section 2241 petition for failing to raise a cognizable claim under section 2241).

[2] Although Petitioner submitted a motion to proceed *in forma pauperis*, it is more efficient to dismiss the petition than to require compliance with this Court's filing requirements.